## CHRISTOPHER COXSON *v.* DANIEL · DOLAND.

The amendment of 1864, of section 34 of the Metropolitan Police Act (Laws of 1864, ch. 403), which provides that no person holding office under that act shall be liable to military or jury duty, *or* to arrest on civil process, *nor* to service of subpœnas from civil courts while actually on duty, does not have the effect of exempting a police officer from arrest in a civil action whilst not actually on duty. The words of limitation, "whilst actually on duty," applies to the whole preceding sentence, and not merely to the last predicate.

The grammatical rule, which is also the legal rule in construing statutes, is, that when general words occur at the end of a sentence, they refer to, and qualify the whole; while, if they are in the middle of a sentence, and sensibly apply to a particular branch of it, they are not to be extended to that which follows.

Effect of substituting *or* for *nor* in a statute, considered.

The privilege from arrest, whether derived from the common law, or extended by statutory enactments, has proceeded upon the ground that the public interests would suffer if those intrusted with the discharge of public duties could be arrested on civil process while engaged in the performance of them, and this exemption has always been regarded as subsisting only while such person, in the view of the law, may be supposed to be engaged in the performance of his duties. Hence an intent on the part of the legislature to grant certain public officers absolute immunity from arrest on civil process, will not be inferred, but must be distinctly expressed.

APPEAL from an order denying a motion to vacate an order of arrest.

The defendant was a member of the Metropolitan Police force, and being arrested upon a civil process while not upon actual duty, moved to vacate the order of arrest on the ground that by the amendment of the Police Act, adopted in 1864, he was absolutely exempted from arrest. The motion was denied, and the defendant appealed.

BY THE COURT, DALY, F. J.—This is an appeal from an order denying a motion to discharge the defendant from arrest. He is a member of the Metropolitan Police force, and claims to be exempt from arrest under section 34 of the Metropolitan Police Act, as amended in 1864 (Laws of 1864, ch. 403).

This section, as originally enacted in 1860, read as follows: "No person holding office under this act shall be liable to military or jury duty, *nor* to arrest upon civil process, or to service of subpœnas from civil courts whilst actually on duty " (Laws of

Coxson v. Doland.

1860, vol. 2, p. 200). Under the section, as it then stood, it was held in *Hall* v. *Kennedy* (14 Abb. R. 432; *same upon appeal,* 15 Id. 290), that a person holding office under the act could be arrested upon civil process when not actually upon duty.

In 1864, the section was amended by substituting the word " or " for " nor," before the third, and the word " nor " for " or," before the fourth predicate, so as to read as follows: " No person holding office under this act, shall· be liable to military or jury duty, *or* to arrest on civil process, *nor* to service of subpœnas from civil courts, whilst actually on duty " (Laws of 1864, ch. 403); and it is insisted that, by this change, a police officer is declared to be absolutely exempt from arrest upon civil process; that the words of limitation, " actually on duty," apply only to the last predicate, the service of subpœnas from civil courts. In other words, that he is only exempt from the service of subpœnas while actually upon duty, but is exempt altogether from arrest upon civil process.

Whatever may have been the object of this alteration, it is very plain that the substitution of the word " or " for " nor," and of " nor " for " or," has made no change in the meaning of the section, and the decision in the case of *Hall* v. *Kennedy,* is as applicable to it now as it was before. " Or " is a conjunction, marking distribution, an alternative, or opposition, and the conjunction " nor " performs the same office in negative propositions. The first is properly used in connection with *either,* and the latter with *neither.* The use of both in this case was inadmissible, and as the negative, " shall not," was placed at the beginning of the sentence, the transposition of " or " or " nor " from one predicate to another could in no way affect the meaning. It may be said that the Legislature must have meant something by the amendment, to which it may be answered, that if they did, they have not expressed it, and it is not for us to conjecture. Courts must interpret statutes according to the ordinary and plain meaning of the language used. " They must not," says Dwarris, " in order to give effect to what they may *suppose* to be the intention of the legislature, put upon the provisions of a statute a construction not *supported by the words,* though the consequences should be to defeat the object of the act. * * * The fittest course, in all cases where the inten-

tion of the legislature is brought into question, is to adhere to the words of the statute, construing them according to their nature and import, in the order in which they stand.   *   *   * They are not to presume the intentions of the legislature, but to collect them from the words of the act, and have nothing to do with the policy of the law.   *   *   *   The most enlightened and experienced judges have lamented the too frequent departure from the plain and obvious meaning of the words,   *   *   * and hold it much the safer course to adhere to the words of the statute, *construed* in their ordinary import, than to enter into any inquiry as to the supposed intention of the parties who framed the act" (Dwarris on Statutes, p. 703).

The whole section is expressed in one sentence, with the words " whilst actually on duty " at the end of it ; and the grammatical rule, which is also the legal rule in construing statutes, is that where general words occur at the end of a sentence, they refer to and qualify the whole ; while, if they are in the middle of a sentence, and sensibly apply to a particular branch of it, they are not to be extended to that which follows (2 Inst. 50 ; Rex v. *The Inhabitants of Shipton*, 8 B. & C. 94 ; Dwarris on Statutes, 704). 600

If it had been the intention of the legislature to give to the section the sense which is now sought to be put upon it, Justice Clerke has pointed out how it could and should have been done, by placing the words, " and whilst actually on duty," before the words " to the service of subpœnas from civil courts," which would have indicated that in that case the exemption was a qualified one, while in the other cases it was absolute.

It may be added, in respect to the question of legislative intent, that the privilege from arrest, whether derived from the *common* law, or extended by *statutory* enactments, has proceeded upon the ground that the public interests would suffer, if those intrusted with the discharge of public duties could be arrested upon civil process while engaged in the performance of them ; and with the exception of ambassadors, or other public ministers, and their servants, who are privileged by the law of nations, and some exceptional cases growing

Coxson v. Doland.

out of the peculiar form of the English government, this exemption has always been regarded as subsisting only while such person, in the view of the law, may be supposed to be engaged in the performance of his duties. Thus, members of a legislative body, while it is in session, or while going to, or in returning from it; attorneys during the actual sitting of the court; parties and witnesses attending court, or going to, or returning from it; soldiers and seamen in the public service; and voters during the pending of an election, are entitled to this privilege. There is an equally good reason why the privilege should be extended to police officers while engaged in the performance of their duties; but to exempt them while not actually on duty, would be carrying the privilege very far. It would be practically exempting them from the liability to which all other persons are subject for their tortious acts; and to warrant it, the public necessity which demands it should be apparent.

Seamen and soldiers in the public service are exempt by the statutes of the United States during their term of service; and the service required of policemen are of a somewhat analogous character. They are an organized body, under control and discipline, subject at all times to the orders of their superiors, and discharging a most important public function. At the same time, as guardians of public order, they are brought more immediately into contact with the citizens, and, in discharging their duties, act more as individuals than do seamen or soldiers in the public service. They are left more to the exercise of their discretion, and have more opportunities for abusing it. It has ever been a leading object, under our form of government, to protect the private citizen from the unwarrantable exercise of power upon the part of those in civil authority; so that it becomes a matter of grave consideration whether it is desirable to grant public officers immunity from those remedies to which all other citizens are subjected for their wrongful acts. An intent on the part of the Legislature to do so will not be inferred, unless it is plainly and distinctly expressed; and it has not been expressed in the amendment of this section by substituting one disjunctive

conjunction for another. The order made at special term should be affirmed.

CARDOZO, J., concurred.

BRADY, J. (dissenting) : I think the legislature intended by the Metropolitan Police Act, passed in 1864, as to the correct construction of the thirty-fourth section of which a question is presented on this appeal, to exempt all persons holding office under that act from arrest on civil process absolutely, and to service of subpœnas from civil courts while actually on duty, the compliance with which would require such immediate attendance as would oblige the person served to leave his post or place of duty. The absolute predicates of the section named are military duty, jury duty, and arrest; the limited or conditional predicate, "service of subpœnas whilst actually on duty." The particle, "nor," marks the second or subsequent branch of the proposition (which is its office) contained in the section, and that subsequent proposition is the limited exemption as contradistinguished from the previous positive exemption already named. "Nor," is not only a negative particle, the office of which has been already stated; but it is correlative to "neither" and "not," and "neither" is sometimes included in it. The last predicate of the section may, therefore, be read, "neither to service of sub-pœnas from civil courts whilst actually on duty." These results follow, in my judgment, from the grammatical construction of the language employed. The same conclusions follow from other considerations. The legislature amended the section after a decision (*Hart* v. *Kennedy*, 14 Abbott, 433), in which it was held that a member of the police force was liable to arrest while not actually on duty; and the amendment consisted in removing the particle "nor" from its place after the word "duty," and putting it after the word "process." Its former position divided the predicates, and made the liability to arrest, and to service of subpœnas, the second or subsequent branch of the proposition, and placed the exemption to arrest upon the contingency of being actually on duty. If, however, the change has accomplished nothing in terms, it

has at least expressed an intention, and that intention was to relieve members of the police force from liability to arrest on civil process. In my opinion, therefore, considering the question as one of legislative intent, founded upon legislative action in connection with a judicial interpretation, the order made at special term was erroneous.

I am aware that, in the case of *Burton* v. *Burton* (1 Keyes, 359), the Court of Appeals have made some changes in the rules by which statutes are to be interpreted; and that the history of legislation as to a particular statute has been eschewed as a means of ascertaining what was intended by the legislative will; but I do not think that this case falls within the prohibited line of reasoning.

I deem it also proper, as I differ from my brethren, to state some views upon the propriety of absolving members of the police force from arrest, when not actually on duty. It cannot well be denied that officers of the police force have relaxations from duty, the duration of which must depend upon circumstances, and that such repose from actual duty may often be preliminary to important public service, which could not be accomplished, if the officer by whom the privilege is employed should be arrested and taken to the proper officer to be bailed or discharged, or both, or kept in confinement for want of bail. It happens frequently that the public service requires all the effective force of the department, and that relief from duty is merely temporary, either to enable the officer to get sustenance, or rest, indispensably necessary to make his aid valuable or serviceable. That an emergency might arise in which the absence of the officer, founded upon his arrest or detention on civil process, would be prejudicial to the public good, is a sufficient reason for legislation by which that event should be rendered impossible. It could not well result from the service of a subpœna, inasmuch as the officer, though called away, is not in duress, and may be brought back to duty by a summons thereto, leaving the court or officer before whom he was summoned, to take such notice of his failure to appear when called, as that court or officer might deem proper. I have no doubt that the probable injurious effect upon the efficiency of the police corps by an arrest on civil process, founded upon some actual

occurrence of that kind, in which its bad 'consequences were demonstrated, led to the passage of the section under consideration, and its amendment. Public policy, in my judgment, renders the exemptions wise which the legislature have sought to establish, and have, in my opinion, declared by the section of the act which has been mentioned.

I think the order made at special term is erroneous, and should be reversed.

Order affirmed.