DAVEY v. THE BURLINGTON, C. R. & M. R. R. Co.

Appeal: CIRCUIT COURT: AD QUOD DAMNUM PROCEEDINGS. The district court has concurrent jurisdiction with the circuit court of appeals in *ad quod damnum* proceedings. Section 4, chapter 86, Acts of the 12th General Assembly, was not repealed by section 2, chapter 153, Acts of 13th General Assembly.

*Appeal from Linn District Court.*

SATURDAY, JUNE 17.

THE defendants, having located its railroad upon the lands of plaintiff, proceeded to have the damages assessed in accordance with the provisions of the statute. From the award of the commissioners, plaintiff took an appeal to the district court. Upon defendants' motion, the district court dismissed the appeal on the ground of want of jurisdiction to entertain it, holding that the circuit court of the proper county had exclusive jurisdiction of the appeal. From this order, plaintiff appeals to this court.

*I. M. Preston & Son* for the appellant.

*A. S. Belt* for the appellee.

BECK, Ch. J.— Section 4, chapter 86, Acts of the Twelfth General Assembly, confers upon the circuit court jurisdiction, concurrent with the district court, of all appeals in special proceedings for the assessment of damages on account of the location of railroads. By this chapter circuit courts were created; and the district courts before this act had jurisdiction of this class of cases. By section 5 of the same chapter the circuit courts are clothed with " exclusive jurisdiction of all appeals and writs of error from justices' courts,

mayors' courts and all other inferior tribunals, either in civil or criminal cases."

By section 2, chapter 153, Acts of the Thirteenth General Assembly, it is provided that the circuit courts "shall have exclusive jurisdiction of all appeals and writs of error from inferior tribunals in civil cases ; but the district court shall have exclusive jurisdiction in all appeals from inferior tribunals in criminal cases." The question presented for our determination in this case is this : Does the statute last quoted repeal the section first above cited giving the circuit court concurrent jurisdiction of this class of cases with the district court, and prior laws bestowing jurisdiction, in the same cases, upon the district courts? The view of the court below is, that it does so operate, and upon this ground the appeal was dismissed.

Sections 4 and 5 of chapter 86 of the Acts of the Twelfth General Assembly must be construed to harmonize. It cannot be supposed that the legislature intended them to conflict, and the last one to repeal the first. Such a construction must be put upon them that both, if possible, will stand; and in this there is no difficulty. As force and effect must be given to both sections, it is evident that the words "inferior tribunals," used in the 5th section, must not be understood to describe the *quasi* judicial bodies from which appeals in special proceedings for the assessment of damages upon the location of highways, railroads and other improvements are authorized to be taken to the district court. By such an interpretation only can the two sections be made to harmonize and both permitted to stand. A different construction would make the two sections conflict and the last repeal and nullify the first, an absurdity that evidently was not intended by the general assembly.

Now the provision of section 2, chapter 153, Acts Thirteenth General Assembly, which, it is claimed, repeals section 4, chapter 86, Acts of the Twelfth General Assembly, prescribes that the circuit court "shall have exclusive juris-

diction in all appeals and writs of error from inferior tribunals in civil cases." The words "inferior tribunals" here used must be understood to describe the same *quasi* judicial bodies, which are referred to in section 5 of chapter 86 of the Acts of the Twelfth General Assembly, where the same words are used. As we have seen in that connection, they do not describe commissioners to assess damages upon the location of railroads; it follows that section 2, chapter 153 of the Acts of the Thirteenth General Assembly, does not confer exclusive jurisdiction upon the circuit courts of appeals taken from such commissioners.

An examination and comparison of the sections above cited make it quite apparent that the legislature intended by section 2, chapter 153, Acts 13th General Assembly, to deprive the circuit court of jurisdiction in appeals in criminal cases, and nothing more. The jurisdiction of the district and circuit courts in appeals in special proceedings for the assessment of damages upon the location of highways, railroads, and other improvements, remains unchanged and is concurrent. The district court therefore erred in dismissing plaintiff's appeal. Its judgment is

Reversed.