## THE CITY OF OTTUMWA v. DERKS.

1. Ad quod damnum proceedings: APPEAL.  The district court has concurrent jurisdiction with the circuit court of all appeals in special proceedings for the assessment of damages for the taking of private property for public use.

2. —— But in order to effectuate the appeal, the petition provided for by section 1067 of the Revision must be filed in the appellate court, upon which a report of the facts in the nature of a bill of exceptions can be made.

*Appeal from Wapello District Court.*

Tuesday, October 24.

The city of Ottumwa instituted proceeding under Revision, sections 1065–1067, in the circuit court of the proper county, to condemn certain lands owned by defendant for the purpose of a street. A jury, appointed by the circuit court, assessed the compensation to be paid defendant and returned their report and verdict, which were approved by the court. It does not appear what order, if any, was made by the court in regard to the payment or deposit of the sum assessed by the jury. The plaintiff filed the petition in this case in the district court, complaining that the compensation allowed defendant is unjust and vastly in excess of the value of the property, and therefore oppressive as to plaintiff. The relief asked is, that a new assessment by a jury be ordered by the court, and that the judgment of the circuit court be reversed and corrected.

The plaintiff moved to dismiss the appeal on the grounds: 1. That the district court had no jurisdiction thereof; the appeal, being from an inferior tribunal, should have been taken to the circuit court. 2. That no petition was filed in the circuit court upon which the judge of that court could or did make a report of the facts in the nature of a bill of exceptions, showing the grounds of the findings or decision in the case. Other grounds of the motion need not be stated here. The motion was sustained. Plaintiff appeals.

*Eugene Fawcett* and *E. L. Burton* for the appellant.

*W. W. Corey* and *H. B. Hendershott* for the appellee.

Beck, J.—The Revision, section 1065, provides that municipal corporations may condemn and take private property for the purpose of establishing or extending streets, upon

making application, in writing, to the *county judge* of the proper county, who thereupon, after due notice, shall appoint a jury of three disinterested persons to assess the compensation to be paid the land owner. Upon the return of the verdict or report of the jury, the *court* (county court) was required to make proper order in relation to the payment of the compensation assessed, and was empowered to require adverse claimants to interplead, in order to settle the rights of all persons interested, and, also, to direct as to the time and manner in which the possession of the property should be taken by the city. § 1066.

An appeal is allowed to any party interested, or, in the language of the statute, "the finding of the jury or the order of the court" may be "reviewed in the district court," upon filing a petition in the county court upon which the last-named court is required to make a report "in the nature of a bill of exceptions," of the facts, etc. The petition and report were required to be filed in the district court, and, in the language of the statute, "the matter shall be heard and determined by said court, and if the court shall find that right and justice have not been done, a new assessment may be ordered by a jury in said court, or the judgment of the court below affirmed." The act establishing circuit courts clothes them with exclusive jurisdiction of all actions and proceedings of which the county courts or judges before had cognizance. Acts twelfth General Assembly, ch. 86, § 3. Section 4 of this act gives the district and circuit courts concurrent jurisdiction "of all appeals in special proceedings for the assessment of damages on the establishment or location of highways, railroads and other public improvements, or the taking of private property for public use." This section, we have held, is not repealed by chapter 153, acts thirteenth General Assembly, and the jurisdiction thereby conferred is retained by the circuit courts. See *Davey* v. *The Burlington, Cedar Rapids and Minnesota Railroad Co.*, 31

Iowa, 553. The case before us is a special proceeding for "the taking of private property for public use." The district court, therefore, has jurisdiction to entertain the appeal taken therein.

But the petition required by section 1067 of the Revision, above cited, was not filed in the circuit court upon which a report in the nature of a bill of exceptions could have been filed. The appeal authorized by the statute can only be taken in the manner therein pointed out. That course was not pursued, and the district court therefore could not entertain the appeal, and for that reason properly sustained the motion to dismiss it. It requires neither the citation of authorities nor the statement of legal principles to support a doctrine so familiar as those we here announce.

Affirmed.