[5118]

## JANE E. CHASE v. MARY J. EVOY, ADMINISTRATRIX OF THE ESTATE OF JOHN EVOY, DECEASED.

WITNESSES IN ACTION AGAINST AN ESTATE.—Section 1880 of the Code of Civil Procedure, which prohibits parties to an action in which a claim is made against an estate from testifying, is not to be construed as prohibiting an executor or administrator from calling a party to the action to testify in behalf of the estate.

APPEAL from the District Court, Third Judicial District, County of Alameda.

Action on a promissory note, of which the following is a copy:

"$2500.                    SAN FRANCISCO, AUG. 21, 1871.

"Thirty days after demand, at the banking house of Belloc Freres, San Francisco, for value received, we jointly and severally promise to pay to the order of Jane E. Chase, at said banking house, the sum of twenty-five hundred dollars in U. S. gold coin, with interest thereon in like gold coin, at the rate of one and one-half per cent per month, payable monthly in advance.

"M. G. COBB,
[$1.25 U. S. Stamp.]                    "G. G. BRIGGS,
                                        "JOHN EVOY."

John Evoy died in March, 1873, and the defendant became the administratrix of his estate in April of the same

year.   This action was commenced in February, 1875,
against the administratrix alone.   The cause was called for
trial on the twenty-sixth of October, 1875, and the plaintiff
closed his testimony.   The defendant then called Cobb, one
of the makers of the note, as a witness; but the court, on
objection of the plaintiff's counsel, refused to hear his evi-
dence until Cobb and Briggs had been made parties to the
suit.   The court then, at the request of defendant's counsel,
permitted Cobb and Briggs to file answers to the complaint.
They filed such answers, and the trial was resumed on the
twenty-ninth of November, when the defendant called Cobb
as a witness and the court, on the objection of plaintiff's
counsel, refused to allow him to testify.   The plaintiff re-
covered judgment against the administratrix alone, and she
appealed.   The other facts are stated in the opinion.

  *Charles H. Phelps,* for the Appellant.

  *William Irvine and G. W. Tyler,* for the Respondent.

  By the COURT:

  Section 1880 of the Code of Civil Procedure, which took
effect July 1, 1874, in defining what persons shall not be
witnesses, excludes " parties to an action or proceeding, or
in whose behalf an action or proceeding is prosecuted
against an executor or administrator upon a claim or de-
mand against the estate of the deceased."   The present ac-
tion is against an administratrix to establish a demand
against the estate, and for the purpose of this decision we
shall assume that Cobb, one of the makers of the note sued
upon, was a party defendant.   At the trial, the administra-
trix offered Cobb as a witness on her behalf, and proposed
to prove by him "what, if anything, had been paid there-
on, and how paid;" but the court refused to permit Cobb
to testify as a witness for the administratrix, on the ground,
as we infer, that he was incompetent under the provision of
the Code above quoted.   This ruling is assigned as error.
The language of the statute is very broad, and if literally
construed, might exclude all parties to the action, whether
called to testify for or against the estate.   But to give it

this construction would defeat the manifest purpose of the act, and we think the language is capable of a different interpretation. Parties to the action, or in whose behalf it is prosecuted, are not allowed to testify against the estate in a suit to establish a demand against it. One of the parties to the transaction out of which the demand originated being no longer *in esse*, it was deemed unwise to permit the other party to it to testify to his version of it, when called by the plaintiff in a proceeding against the estate to establish the demand. The statute, it is true, provides in general terms that "the parties to an action or proceeding" against the estate shall not testify; but the obvious meaning of this provision is that a party to the action shall not testify against the executor or administrator. This was the point decided in *Blood* v. *Fairbanks*, (50 Cal. 420); and though the language of the opinion in that case is somewhat broad, it must be interpreted with reference to the facts of the case. But in view of the evil to be remedied, the legislature could hardly have intended to prohibit the executor or administrator from calling a party to the action to testify in behalf of the estate. On the opposite theory, the defendant, representing the estate, would not be permitted to call the plaintiff himself to prove that the demand was fraudulent or had been fully paid. Such a construction of the statute is wholly inadmissible, and would be at variance with its manifest intent.

Judgment and order reversed and cause remanded for a new trial.