# Dudley, Adm'r, v. Steele.

*Action by Administrator on Account.*

1. *In action by administrator defendant may be called by him to testify as to transaction with his intestate.*—While in an action brought by an administrator the defendant is, under the statute, incompetent to testify in his own behalf as to any transaction with, or statement by the plaintiff's intestate, he may be called as a witness by, and be compelled to testify in favor of, the plaintiff as to such transaction or statement.

2. *Same; not affected by change in language of statute.*—The words, "unless called to testify thereto by the opposite party," were incorporated in the former statute (Rev. Code, § 2704) merely from abundant legislative caution, in recognition of a right which would have otherwise existed; and hence, the omission of these words from the statute, by subsequent amendment, can not be construed as a legislative intention to abrogate the right.

APPEAL from City Court of Selma.

Tried before WILLIAM C. WARD, Esquire, selected by the parties under the provisions of Section 18, Art. VI of the Constitution, the presiding judge having been, for legal cause, incompetent to try the cause.

This was an action of *assumpsit*, brought by Joseph R. Dudley, as the administrator of the estate of Philip Mathone, deceased, against Samuel P. Steele, and was founded on an account for money loaned, and for services rendered by plaintiff's intestate to the defendant.

On the trial the plaintiff had the defendant sworn as a witness and propounded to him the following questions: (1) "Did the plaintiff's intestate ever loan you any money; if so, when, and how much;" (2) "Did the plaintiff's intestate ever do any work for you; if so, when, and what work;" (3) "Did Philip Mathone ever render you any, and what services as overseer; if so, when;" (4) "If the plaintiff's intestate was ever in your employment, state when, and how long, and in what business;" To each of these questions the defendant objected,

[Dudley, adm'r, v. Steele.]

on the ground that he was not competent to testify to any transaction with the plaintiff's intestate. The court sustained the objections, and the plaintiff separately excepted; and now assigns these rulings as error.

PETTUS & DAWSON and F. L. PETTUS, for appellant. (1) The statute (Code of 1876, § 3058) removes all the disabilities under which a party at common law was placed, except the single one, that he could not testify against his adversary "as to any transaction with, or statement by any deceased person, whose estate is interested in the result of such suit." The purpose and policy of the statute "is to exclude the living from testifying *against* the dead, because the latter can not be heard in explanation or contradiction."—*Dismukes v. Tolson*, 67 Ala. 386; *Ins. Co. v. Sledge*, 62 Ala. 566; *Key v. Jones*, 52 Ala. 238. The questions propounded called for testimony which would have been *for*, not *against* the appellant. The exception did not, therefore, apply, and the court erred in sustaining defendant's objections. (2) The omission of the words, "unless called to testify thereto, by the opposite party," from the statute by the amendatory act of 1875 (Pamph. Acts, 1875–6, p. 252), now embodied in section 3058 of the Code of 1876, can not be construed, as contended by counsel for the appellee, as a legislative intention to abridge the competency of parties as witnesses, by not allowing a party to call his adversary to testify as to any transaction with, or statement by the deceased. To hold this would be to hold that the legislature thereby intended to revive the common law as to this particular class of witnesses. But our statutory provisions as to the competency of parties as witnesses were intended as a revision of the common law on that subject, and their purpose was to *enlarge* and not to *abridge* the competency of witnesses.—*Kumpe v. Coons*, 63 Ala. 454; *Hendricks v. Kelly*, 64 Ala. 388. Section 3058 of the Code of 1876 is not intended to be read in connection with section 2704 of the Rev. Code, as parts of the same statute, but as a substitution for it—a revision of the system. If, therefore, a witness is competent under the present statute, if he does not fall within the exception contained in it, if he is not expressly excluded by its terms, he is a competent witness.

J. C. COMPTON, with whom were BROOKS & ROY, *contra*. (1) At common law, a party to a suit was not a competent witness either for himself, or a co-suitor; nor could he be compelled to testify against himself either in a civil or criminal case.—1 Greenl. on Ev. §§ 329–30. (2) The rule of the common law on this subject has been modified from time to time by our statutes; and they have provided a method for the examina-

tion of a party to a civil suit by his adversary.—Code, 1852, §§ 2330 *et seq.;* Rev. Code, 1867, §§ 2731 *et seq.;* Code, 1876, §§ 3084 *et seq.*, and amendments thereto (Acts, 1878–9, p. 79). There was a further enlargement of the competency of witnesses in civil cases, made by the act of February 14, 1867, which was carried into the Revised Code of 1867, as section 2704. This statute declared that being a party to a record, or interested in the issue tried, did not disqualify a witness; and it made but this exception : " In suits by or against executors or administrators . . . *neither party* shall be allowed to testify against the other as to any transaction with, or statement by the testator or intestate, *unless called to testify thereto by the opposite party.*" The competency of a party to testify " as to any transaction with " the intestate depended solely upon such party being " called to testify thereto by the opposite party ; " and then, the statute says, he " shall be allowed to testify against " such party. It was then he became a competent witness in the case, as the only restriction upon his competency had been removed by his having been called by the opposite party to testify in reference to the subject-matter of the restriction or exception. He then became a witness in the case generally, as well for, as against himself, as fully as if no exception had been made in the statute. (3) But section 2704 of Rev. Code was amended and repealed by act of March 2d, 1875, which act has been carried into the Code of 1876, as section 3058. The act has been adjudged to have been intended as a revision of the whole subject of the competency of witnesses, as affected by interest or connection with the suit or proceeding.—*Kumpe v. Coons*, 63 Ala. 448; *Lemay, Ex'r, v. Walker*, 62 Ala. 39. In the statute, as it now stands, the words, " unless called to testify thereto by the opposite party," are omitted, and the exception is otherwise changed. This exception now applies to all classes of suits or proceedings, provided the offer be to prove by a *party to the suit* a *transaction with* any deceased person whose estate is interested in the result of the suit. In such case *neither party* can testify as to any " transaction with, or statement by " the deceased person. The statute does not give the opposite party the power to call his adversary to testify as to such matters ; but the words that conferred this power are omitted. The failure to re-enact the words, " unless called to testify thereto by the opposite party," remits parties to the method of making proof of the matters excepted which they had before the enactment of section 2704 of the Revised Code.

SOMERVILLE, J.—The suit is for an account, brought by the plaintiff *as administrator* of the estate of one Mathone,

[Dudley, adm'r, v. Steele.]

deceased, the transaction, upon which the account was based, having transpired between the defendant and the plaintiff's intestate during his lifetime.

The only question presented is, whether the plaintiff can compel the defendant, in such a case, to testify in his, the plaintiff's *favor*, against the objection of the defendant.

It is very clear that the defendant would not have been a competent witness in his own behalf to testify *against* the plaintiff as to any transaction with or statement by the deceased. Section 3058 of the present Code (1876), which removes all incompetency based upon the fact of the witness being a party, or interested in the issue, in other than criminal cases, embodies the specific *exception* that "neither party shall be allowed to testify *against* the other, as to *any transaction with or statement by any deceased person* whose estate is interested in the result of such suit, or when such deceased person, at the time of such statement or transaction, acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced."

We have before said that the purpose and policy of this statute is "to exclude the *living* from testifying against the *dead*, because the latter can not be heard in explanation or contradiction."—*Dismukes v. Tolson*, 67 Ala. 386.; *Kumpe v. Coons*, 63 Ala. 448. Its chief design, in other words, is to *protect* the estates of decedents against the setting up of fraudulent defenses, and the establishment against them of fraudulent claims or unfounded causes of action. To this end the *law*, with even-handed justice, seals the lips of the one party, where the accident of *death* has sealed the lips of the other. 1 Whart. Ev. § 466.

The reason of the rule established by the exception can have no application, in our opinion, to the present case. The statute declares that "neither party shall be allowed to testify *against* the other" as to such transactions or statements. It is nowhere said that neither party shall be permitted or compelled to testify *for* the other. The rule at common law was, that interest disqualified a witness only from testifying in his own behalf, not *for* the adversary party, and *against his own interest.*—1 Greenl. Ev. § 410. The same principle applies in cases arising under our own statute, which narrows and preserves the common law rule as to the class of excepted cases. The exclusion of the defendant as a witness being for the benefit and protection of the estate, the rule establishing it can be *waived* by the administrator, or opposite party. This is declared to be the law by Mr. Wharton in his treatise on Evidence. "The opposite party may waive the immunity," he says, "by calling as a witness the surviving party to the contract."—1 Whart. Ev. § 475a.

[Ex parte Huckabee.]

In *Chase v. Evoy*, 51 Cal. 618, it was adjudged, under a similar statute, that the exception did not preclude the administrator from calling one of the parties to the suit to testify as a witness *for* the estate, of which he was administrator.

It is argued that inasmuch as the Code of 1876 (§ 2704) provided that, in the class of cases under consideration, "neither party shall be allowed to testify against the other" as to transactions with the deceased, "*unless called to testify thereto by the opposite party*," the *omission* of the latter clause from section 3058 of the present Code (1876) must be construed into a legislative intention to abrogate the right which was there recognized. The answer to the suggestion is, that the right of each party to call the other as a witness against himself, or in favor of the party calling him, would have existed without its express authorization, and this was presumptively known to the General Assembly. It, must, therefore, have been recognized in the Code of 1867, merely from abundant legislative caution. In cases free from doubt, the mere omission of such clauses in the revision of statutes should not be construed into a legislative intention to abrogate a clear legal right. Such at least should certainly be the rule of construction, where the right in dispute comes within both the letter and spirit of the statute, and the omitted clause falls without the purview of the mischief to be remedied by its enactment; and such is this case.

The court below erred in not allowing the several questions propounded by the plaintiff to the defendant; and the judgment must for this reason be reversed and the cause remanded.

STONE, J., not sitting.