Hickman, J.
On the 3d day September, 1880, M. W. Roberts executed and delivered to one Jennie Mansfield his two promissory notes of that date, for the sum of $3,500 each, made pay'able to Jennie Mansfield or order, one in twelve and the other in eighteen months after date, with interest. Before the maturity of either of the notes, *597 Jennie Mansfield indorsed and delivered the same to oue M. Mouch, who, on the 27th day of March, 1881, indorsed and delivered them to one Jerome Rowley, who, afteward, on the 23d day of July, 1881, indorsed and delivered them, without recourse, to John B. Briscoe, the defendant in error. Upon non-payment of the notes when due, Briscoe commenced an actiou thereon against M. W. Roberts, in the court of common pleas of Greene county. The defendant answered, and among other things, alleged in substance that if his signatures to the notes were genuine, they were procured by fraud, and were without any consideration, and that the notes were fraudulently written over his signatures without knowledge or consent on his part; that each of the indorsees had notice of such fraud and want of consideration before, and at the time, the indorsements and transfers were made to them respectively ; that the notes were not indorsed and delivered by Jennie Mansfield to Mouch, or by Mouch to Rowley, or by Rowley to Briscoe, nor were the- same received by Briscoe, or by any of the indorsees, in good faith or for valuable consideration, or with any intent or understanding on the part of any of them, or of Jennie Mansfield, that any ownership or interest therein should thereby be transferred ; but that the indorsements were only for the use and benefit of Jennie Mansfield, and for the purpose of enabling her to avoid any defense to an action upon the notes.
M. W. Roberts having died, the action was revived against Emraazetta Roberts, his executrix, and plaintiff in error. A reply was thereafter filed, and the case was tried to a jury. During the progress of the trial, Jennie Mansfield was called as a witness in behalf of the defendant, but her testimony was excluded, and a bill of exceptions was thereupon taken by the defendant. This bill of exceptions states that the plaintiff having offered testimony tending to prove that M. W. Roberts had signed and delivered the notes in suit, and the indorsements thereon, and having rested his case, the defendant offered as a witness Jennie Mansfield, and proposed to prove by her that she was the *598 Jennie Mansfield to whom the notes were executed, and that the notes were without any consideration of any kind; that when M. W. Roberts signed the notes, he was not aware that he was signing promissory notes, and did not intend to sign a promissory note, and on signing the paper he believed he was signing a letter for her, nothing being then written above; that the defendant also expected to prove by her the date of the transfer to Mouch and to Rowley, the circumstances surrounding the same, and that neither Rowley nor Mouch were holders for value or in good faith; also to prove by her that neither Mouch nor Rowley had ever paid to her any consideration whatever; that defendant also offered her as a witness generally to all the issues of the case prior to the death of M. W. Roberts, who died July, 1883, as is agreed by counsel. Whereupon the plaintiff objected to Jennie Mansfield as a witness, in so far as any transaction or fact prior to the death of M. W. Roberts was concerned, which objection was sustained by the court, and Jennie Mansfield was excluded as a witness as to all facts and circumstances occuring prior to the death of M. W. Roberts; to all of which the defendant excepted.
During the trial, a second bill of exceptions was taken by the defendant, because of the court’s refusal to admit in evidence, when offered by the defendant, two certain letters from Jerome Rowley to Jennie Mansfield, dated respectively March 23, 1881 and March 28, 1881. A third bill of exceptions was also taken by the defendant, upon the'exclusion by the court, when offered in evidence by the defendant, of the entries on the appearance docket, in an injunction suit, M. W. Roberts v. Jennie Mansfield et al., in the court Of common pleas of Greene couuty. The jury returned a verdict for the plaintiff. A motion for a new trial was made by the defendant, and overruled. Judgment was entered on the verdict, and the circuit court affirmed the judgment. The plaintiff in error seeks a reversal of the judgments of the eoui’ts below.
Upon an examination of the record, we are satisfied *599 there was no error in the action of the court in rejecting, when offered in evidence, the letters of Rowley to Jennie Mansfield, and the docket entries in the. injunction suit. The questions to which such action of the court gave rise have been properly determined, and we deem it unnecessary to consider them here; and were no other errors assigned save those predicated upon the second and third bills of exception, the judgments in favor of the defendant in error should be affirmed. But we think the court erred in rejecting the testimony of Jennie Mansfield. The question here presented is whether'the executrix, who is defendant in an action on a claim against her testator’s estate, may compel the assignor of the claim to testify as any other witness might be thus compelled, although the assignor would not, if a party, be permitted to testify. Jennie Mansfield, the payee and indorser of the notes executed by the testator, was called as a witness generally to all the issues of the ease prior to the testator’s death; and it is contended that, as the statute provides that among those who shall not testify is a person who assigns his claim concerning any matter in resp°ect to which he would not, if a party, be permitted to testify; and that, as she would not have been permitted to testify, if a party, in reference to the issues, because the adverse party was an executrix, she was therefore an incompetent witness, and was properly rejected. The parts of the Revised Statutes determining the competency of witnesses and evidence, which bear directly upon the question under consideration, are sections 5240, 5241, 5242, and 5243. Those sections provide as follows :
“ Sec. 5240. All persons are competent witnesses, except those of unsound mind, and children under ten years of age who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly.
“ Sec. 5241. The following persons shall not testify in certain respects: . . . fourth, a person who assigns his claim or interest, concerning any matter in respect to which he would not,.if a party, be permitted to testify.
*600 “See. 5242. A party shall not testify where the adverse party ... is an executor or administrator, . . . except, first, to facts which occurred subsequent to the . . . time the decedent ... or testator died.
“ Sec. 5243. A party may compel the adverse party to testify orally, or by deposition, as any other witness may be thus compelled.”
When we consider the enlightened progress made through the code in relaxing the rigid rules as to the competency of witnesses, we can not but be impressed with its liberal spirit, and inclined, in order that justice may not fail, to apply to it such canons of interpretation as will, when not plainly violating the legislative intent, favor the admission rather than the exclusion of testimony. The sections of the Revised Statutes above cited, when examined in their component divisions, will be found to contain no incongruities which may not be reconciled with the general iutent of the whole, to wit: that -while certain persons shall be incompetent to testify in certain respects, the opposite parties to an action shall be placed as far"as practicable upon a basis of equality as to the admissibility or exclusion of evidence. The sections under consideration are in pari materia. They are sections of a revised code upon one subject, and are to be construed as a single statute ; ami treated as a single statute, it is to be so construed that all its provisions may be harmonized if possible. Mobile and Ohio R. Co, v. Malone, 46 Ala. 391; Commonwealth v. Conyngham, 66 Pa. St. 99; Davey v. The Burlington, etc., R. R., 31 Iowa 553; Scott v. The State, 22 Ark. 369.
As said by Okey,. J., in Cochran v. Almack, 39 Ohio St. 318: “Nobody is excluded as a witness under either section 5241 or section 5242 of the Revised Statutes; but under those sections various limitations and restrictions are placed on testimonju” Under section 5241, certain persons “shall not testify ira certain respects; ” and under section 5242, “ a party shall not testify . . . except,” etc. An attorney, under section 5241, shall not testify concerning a communication made to him by his client in that *601 relation; bat the client may give his express consent, and the attorney may then testify. Husband and wife, under the same section, as against public policy, though not expressed in the statute, shall not testify concerning any communication made by one to the other duriug coverture; but the prohibition is not absolute, without qualification, for either may testify if the communication is made in the known presence or hearing of a "third person competent to. be a witness. So the provision under the same section, that “ a person shall not testify who assigns his claim or interest concerning any matter in respect to which he would not, if a piai’ty, be permitted to testify,” is not a prohibition without qualification. Although the assignor of the clainq might not, if a party, be permitted or be competent to testify in his own behalf, for the reason that the adverse party is an executor, yet his exclusion is, we think, qualifed by section 5248, which would authorize the executor to compel him to testify, as any other witness might be thus com-, pelled. This section is not to be regarded as isolated— having no connection with the three preceding sections of the Revised Statutes, but must be construed according to the rule of statutory interpretation, that general words at the end of a statute refer to and qualify the whole. Coxson v. Doland, 2 Daly, 66; Sedgwick on Stat. and Const. Law, (2d ed.) 226, n. The language of the section is comprehensive, with no words to indicate that it is limited by any antecedent part of the statute.
The statute having forbidden a party to testify, where the adverse party is an executor, as to facts that occurred prior to the death of the testator, it is justly provided that he shall not remove this disqualification by assigning his claim and constituting another a party to an action in his stead. But while he can not render himself competent as a witness by thus assigning his claim, he should not, by such an assignment, be permitted to deprive the executor of his right, as a party, to compel him to testify as he might any other witness.
The purpose and policy of the law in preventing a party *602 from testifying, where the adverse party is an executor or administrator, is to guard the estatés of decedents against the setting up of fraudulent defenses, and the establishment against them of fraudulent claims, or unfounded causes of action. Dudley v. Stecle, 71 Ala. 426. Besides, when one of the parties to a contract can not give his version of it, the other party thereto should not be admitted to testify in his own favor. Wheré there is no mutuality there should not be admissibility; and when the lips of one party to a contract are closed by death the other party should not be heard as a witness. Wharton on Ev., § 466. But what is intended for the benefit and protection of the estate should not be permitted to operate as a source of injury. The interest of an estate may urgently require that an executor or administrator should -waive what belongs to him as a privilege, and call the opposite party as a witness. The facts upon which he founds his defense, or upon which he bases his claim, may be locked up in the breast of the adverse party, and without his testimony a failure of justice may ensue. The legislature could not have designed to place the estates of deceased persons at such disadvantage by depriving them of evidence, within reach, necessary to their protection against imposition and fraud. The adverse and surviving party, when compelled to testify by the executor or administrator, can not reasonably complain; for, though a party, he can then be examined fully in his own behalf on the subject of his examination in chief. Niccolls v. Esterly, 16 Kan. 32; Wharton on Ev., § 475a.
That it is not the design of the statute to place an absolute and insuperable barrier to a party’s testifying as to facts occuring before decedent’s death, when the adverse party is an executor or administrator; and that the exclusion of the evidence is a privilege which the executor or administrator may waive,' derives force from an examination of the third exception to section 5242. In Rankin v. Hannan, 38 Ohio St. 438, it was held, that where an administrator, in his own behalf, testifies to a certain conver *603 sation and an agreement between his intestate and the opposite party, which was material to the issue, the other party may testify as to the same transaction and conversation under the third exception to section 5242 of the Revised Statutes. It is obvious that the interest of the testator’s estate should be the paramount idea of the executor, and the law contemplates that if he has knowledge that can be made to inure to the benefit of the estate, he will be ready to bear witness, though in so doing he must waive the privilege of excluding the opposite party from testifying, and open the door to his admission.
The policy of our law in rendering available evidence in the possession of the adverse party is illustrated not only in compelling him to testify after a cause is at issue, but in requiring him to furnish evidence of which he is sole possessoi-, before the defendant has filed his answer. By section 5293 of the Revised Statutes it is provided that when a person claiming to have a defense to an action against him is unable, without a discovery of the fact from the adverse party, to file his answer, such person may bring his action for discovery, setting forth in his petition the necessity of such discovery and the grounds thereof, and such interrogatories relating to the subject-matter of the discovery as may be necessary to procure the discovery sought, which, if not demurred to, shall be fully and directly answered by the defendant. Upon the institution of legal proceedings and the death of the defendant, it would hardly be contended that his executor or administrator would not have the benefit of the discovery for which provision is made by the section. And yet, if an executor is to be precluded from calling as a witness the adverse party, he might, by parity of reasoning, be deprived of his right of discovery by means of interrogatories, and the estate of the decedent be thereby subjected to irreparable damage.
In some of the states, where there are statutes similar to our own, which make a party an incompetent witness where the opposite party is an executor or administrator, the executor or administrator may yet compel the surviv *604 ing party to be a witness, although the authority to compel him is given only by implication. Thus the code of Alabama, which enacts that “ neither party shall be allowed to testify against each other, as to any transaction with or statement by any deceased person whose estate is interested in the result,” etc., has been construed to allow the representative of the decedent to compel the opposite party to testify for the decedent’s estate. Dudley v. Steele, supra.
So, too, the code of civil procedure of California positively excludes as witnesses “ parties to an action or proceeding against an executor or administrator upon a claim or demand against the estate of the deceased.” But in Chase v. Evoy, 51 Cal. 618, the court, in construing that portion of the code, say: “ In view of the evil to be remedied, the legislature could hardly have intended to prohibit the executor or administrator from calling a party to the action to testify in behalf of the estate. On the opposite theory, the defendant, representing the estate, would not be permitted to call the plaintiff himself to prove that the demand was fraudulent or had been fully paid. Such a construction of the statute is wholly inadmissible, and wo’uld be at variance with its manifest intent.” Decisions of a like tenor in other states might be adduced.
There are other considerations which occur to us, but in view of the aforegoing, we are of opinion that the judgment, of the court of common pleas and of the circuit court should be reversed for rejecting the testimony of Jennie Mansfield; and that the cause should be remanded for further proceedings.