THE PEOPLE OF THE STATE OF NEW YORK, on Complaint of JOHN J. McLEES, Complainant, *v.* SAM BERNER, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, on Complaint of JAMES DESMOND, Complainant, *v.* GEORGE TRAEG, Defendant.

City Magistrates' Court of New York, Borough of Manhattan, Second District, February 24, 1939.

502

*William C. Chanler, Corporation Counsel* [*David I. Shivitz, Assistant Corporation Counsel*, of counsel], for The People of the State of New York.

*Matthews & Turley* [*George A. Turley* of counsel], for the defendants.

*Rabenold, Scribner & Miller*, for the West Side Association of Commerce, Inc., and the Sixth Avenue Association, *amici curiæ*.

BROMBERGER, C. M. These two prosecutions, although tried severally on separate complaints, involve substantially similar facts and essentially the same principles; hence both may properly be determined in a single decision.

The defendants are respectively charged with a violation of section 82d7–15.0 of the Administrative Code of the City of New York, in that on December 24, 1938, the defendant Berner incumbered the sidewalk in front of 345 Eighth avenue, city and county of New York, with a stand about three feet wide and fifteen feet long at the curb and with about an additional foot of space in width, for the display and sale of various assortments of toys; and the defendant Traeg, on the same date, maintained on the curb in front of 455 Sixth avenue, city and county of New York, a temporary stand made of boxes and barrels for the sale of Christmas trees, and also fruits and vegetables to the extent of four feet in front of and beyond

his regular stand and thereby in excess of the space allotted to him under a permit, as a result of both of which obstructions only four feet of a twenty-foot sidewalk remained available for the use of pedestrians.

These two cases, as the record indicates, have been selected for the purpose of testing the validity of Local Law No. 68 of the New York City Local Laws of 1938, passed by the city council December 20, 1938, purporting to amend section 82d7-15.0 of the Administrative Code of the City of New York, as follows:

" Section 1. Subdivision a of Section 82d7-15.0 of the Administrative Code of the City of New York is hereby amended by adding thereto a new paragraph to follow paragraph three, to be paragraph four, to read as follows:

" 4. Storekeepers and peddlers may sell and display Christmas trees, holiday decorations and toys on a sidewalk during the month of December; but in such case the permission of the owner of the premises fronting on such sidewalk shall be first obtained and a passageway shall be kept open on the sidewalk so obstructed for the free movement of pedestrians.

" Section 2. This local law shall take effect immediately."

This is urged as a complete defense to the charges, and its validity is the fundamental point here involved.

Two civic and property owners' associations have appeared as *amici curiæ* in support of the prosecution.

While the defendants are the lessees of stores fronting on those portions of the sidewalks which they respectively were utilizing as indicated, nevertheless the local law in question permits such use during December of each year by any one, even though in no wise connected with the abutting premises. The only restrictions are (a) obtaining permission of the owner of the premises; and (b) not obstructing the free passage of pedestrians.

Unfortunately for the purpose of a determination of the validity of the law involved in this prosecution, additional facts have been charged and proven in each instance which would compel this court to find the defendants guilty irrespective of the challenged enactment. The obstructions maintained beyond the building line in excess of the permissive and licensed use would themselves compel such adjudications.

However, for the purposes of this decision the court will disregard these elements, and recommends to all counsel that in the event of any subsequent appeal they be withdrawn from consideration of the court, and that, by appropriate stipulation, only such evidence specifically applicable to the validity of the enactment be submitted for review. Since the legislation is operative only during the months

of December annually as indicated, its validity obviously should be finally adjudicated prior to the period when it might next become effective. This will avoid future confusion and misunderstanding both on the part of the authorities responsible for law enforcement and on the part of those who may claim the protection of this legislation if it be valid.

The relevant portions of section 82d7–15.0 of the Administrative Code provide:

" Obstructions.—a. It shall be unlawful for any person to hang or place any goods, wares or merchandise, or suffer, maintain or permit the same to be hung or placed, at a greater distance than three feet in front of his house, store or other building and a greater height than five feet above the level of the sidewalk."

Section 42, paragraph b, of the New York City Charter, adopted at the general election held November 3, 1936, and effective January 1, 1938, establishes certain limitations to legislative authority of this character, as follows: " The Council shall not pass any local law authorizing the placing or continuing of any encroachment or obstruction upon any street or sidewalk excepting temporary occupation thereof during and for the purpose of erection, repairing or demolition of a building on a lot abutting thereon under revocable licenses therefor, and excepting the erection of booths, stands or displays or the maintenance of sidewalk cafes under licenses to be granted only with the consent of the owner of the premises if the same shall be located in whole or in part within stoop lines."

The charter, adopted by a referendum vote of the people of the entire city, ordains its local government and authorizes, controls and limits its powers and functions.

The prosecution contends that the provisions of section 42, paragraph b, preclude any enactment by the council authorizing encroachments upon the sidewalk, with but two exceptions: (a) temporary encroachments in connection with the repair, erection or demolition of a building, under revocable licenses in each instance; and (b) erection of booths, stands or displays or maintenance of sidewalk cafes, provided that licenses be obtained for them.

The defendants argue that while licenses are necessary in connection with the erection, demolition or repair of buildings and for the maintenance of sidewalk cafes, they are not required for the erection of booths, stands or displays.

The issue in this case, accordingly, narrows down to one of interpretation of the charter provision. In the absence of any authority directly in point on this legislation, I am satisfied that the clear and unambiguous meaning of the section is that licenses are required for each and all of the enumerated classifications. (*Porto Rico*

*Railway Light & Power Company* v. *Mor*, 253 U. S. 345; *Johnson* v. *Southern Pacific Co.*, 196 id. 1; *Coxson* v. *Doland*, 2 Daly, 66.)

Were it intended that licenses should be necessary only for building operations and the maintenance of sidewalk cafes, but not for booths or stands, it would have been specifically thus provided by clear enumeration. However, all three of these categories have been joined in the same sentence, and the provision relative to booths and stands is in the same clause with that governing the sidewalk cafes.

Further, section 42, paragraph c, of the charter provides: " All local laws in relation to licenses shall fix the license fees to be paid, if any, and shall provide that all licenses shall be according to an established form, and shall be regularly numbered and duly registered."

While this section does not require that fees must necessarily be fixed, it necessitates and presupposes a licensing facility.

The court here is not concerned with the wisdom or advisability of the measure under consideration. That is a function solely reserved for legislative deliberation and executive action. It is no part of the judicial function to substitute its judgment for that of either of the other branches of the government. Neither may the court properly interfere with the due exercise of legislative or executive discretion, nor usurp any of those governmental powers.

Statutes, especially in the first instance, must be enforced by the courts unless their invalidity be so patently evident that a contrary conclusion is compellingly commanded. In conformity with this well-established and long-recognized canon of construction, I have endeavored to harmonize the legislation here involved with the pertinent provisions of the city charter. However, they cannot rationally be reconciled in my mind so as to sustain the challenged enactment.

If the local law in question on the other hand be viewed as an attempt to amend the city charter, then section 39 of the charter thereupon immediately becomes operative and controlling. Legislation of such amendatory character can only be effectuated by a strict compliance with its requirements.

It is conceded, and in fact constitutes a matter of public record, that the attempted amendment was neither approved by nor presented for approval to the board of estimate. This omission is necessarily fatal, and renders any attempt at an amendment of the charter provisions completely abortive.

Governmental agencies, be they legislative, executive or judicial, may not trespass beyond their defined or fairly implied authority, nor infringe upon the limitations specifically expressed in the basic

organism creating them and under whose authority alone they are enabled to exist and to function.

The court here is not determining either the parity or the relative force of the City Charter and the Administrative Code respectively in the pattern of the municipal structure, nor whether the controverted enactment would necessarily require submission to the board of estimate for approval had it conformed to the limitations of sections 42-b and 42-c of the charter.

I am satisfied that the local law in question, which attempts to amend section 82d7–15.0 of the Administrative Code, is invalid since it is inconsistent with and violates the above-indicated provisions and limitations definitely expressed in the charter; and if it be intended as an amendment to the charter, it fails to meet the controlling specific requirements for its legal sufficiency.

It is a well-settled principle that a void law is no justification for conduct otherwise illegal, and that the defendants are not exonerated by reason of their reliance upon a legislative act which itself is a nullity. (*Norton* v. *Shelby County*, 118 U. S. 425; *People ex rel. Farrington* v. *Mensching*, 187 N. Y. 8.) Such reliance, however, may be considered in connection with the penalty.

The evidence before me conclusively proves that the wares and merchandise of these defendants encroached illegally upon the sidewalks respectively, and obstructed them in violation of the provisions of section 82d7–15.0 of the Administrative Code. The defendants are, therefore, respectively found guilty as charged.

However, in view of the fact that these have been selected as test cases, and constitute but two of probably a number of other instances where the offenders have not been brought into court, sentence is suspended in each instance.