[No. 4739.]

JAMES A. BLOOD v. ABBY E. FAIRBANKS, EXECUTRIX OF THE ESTATE OF JOHN C. FAIRBANKS, IMPLEADED WITH ROSWELL R. HEWITT.

WITNESSES IN ACTION AGAINST ADMINISTRATOR.—Section 1880 of the Code of Civil Procedure, which prohibits parties to an action or proceeding against an executor or administrator upon a claim against the estate from being witnesses, applies not only to parties who have an interest adverse to the estate, but to all nominal parties to the action.

APPEAL from the District Court, First Judicial District, County of Santa Barbara.

The principal facts in this case are stated in the report on the former appeal (48 Cal. 171).

On the second trial, Hewitt was called as a witness by the plaintiff. The counsel for the executrix objected, upon the ground that he was incompetent under the third subdivision of section 1880 of the Code of Civil Procedure. The court overruled the objection, and Hewitt was examined. Section 1880 of the Code of Civil Procedure is as follows:

"SECTION 1880. The following persons cannot be witnesses:     *     *     *

"3. Parties to an action or proceeding * * * against an executor or an administrator, upon a claim or demand against the estate of the deceased."

The court gave judgment against the executrix, and she appealed.

*Charles E. Huse and W. H. L. Barnes,* for the Appellant.

The language of section 1880 is sufficiently broad to exclude Hewitt. It uses the words, "parties to an action or proceeding." It does not merely say plaintiffs in an action, but parties. The reason for this is plain. The object of the rule was to forbid those who have dealt as principals in a transaction with one whose lips are sealed in death, from testifying for or against him. The extent of the interest of a witness in such a case has nothing to do with his competency to testify. He who is a necessary party to the action, whether interested or not, whether actuated by the best motives or controlled by the worst, whether called by one party or the other, is equally disqualified from giving evidence.

*Fernald & Richards and Eugene Fawcet,* for the Respondent.

Hewitt is merely a nominal party defendant, without any interest in the controversy, and is in no just sense a party to the action or proceeding against an executor. Certainly

the Legislature never intended by this enactment to deprive the plaintiff of the testimony of a nominal defendant entirely free from interest in the controversy. The burden of upholding such a construction must rest on him who asserts it, and we are not aware that such a meaning has before been seriously contended for.

By the COURT:

When this cause was here before we held that Hewitt was a necessary party to a bill for an accounting, and, when the cause was remitted to the District Court, he was accordingly made a party defendant by proper amendments.

The objection to his competency as a witness should have been sustained by the court below. Section 1880 of the Code of Civil Procedure provides that "parties to an action or proceeding, or in whose behalf an action or proceeding is prosecuted, against an executor or administrator, upon a claim or demand against the estate of the deceased," cannot be witnesses.

It is said that Hewitt is not a party against an executor, and that he has no claim against the estate. But the statute does not merely exclude parties who have or are supposed to have an interest adverse to the estate of the decedent, but, by its terms, renders all the nominal parties to the action incompetent.

Judgment and order reversed, and cause remanded for a new trial.