[No. 14810.   Department One. — November 28, 1892.]

DAVID MOORE, APPELLANT, v. MILES SCHOFIELD AND W. S. CHAPMAN, RESPONDENTS.

ACTION UPON JOINT OBLIGATION — SUBSTITUTION OF ADMINISTRATOR — COMPETENCY OF WITNESSES — TESTIMONY OF DEFAULTING OBLIGOR. — In an action against two joint obligors, one of whom has died after suit brought, and whose administrator has been substituted in his place, and has answered, denying the obligation, neither the plaintiff nor the surviving obligor, against whom judgment by default has been rendered, is competent as a witness, upon the trial of the issues raised by the administrator, to prove the obligation, or to testify to any facts which occurred prior to the death of the deceased obligor.

APPEAL from a judgment of the Superior Court of Sierra County.

The facts are stated in the opinion.

John Gale, and S. P. Davidson, for Appellant.

Goodwin & Goodwin, and T. L. Ford, for Respondents.

TEMPLE, C. — This appeal is upon the judgment roll, which, however, includes a bill of exceptions, settled at the time the decision was made, under section 649 of the Code of Civil Procedure.

The action was brought to recover eight thousand four hundred dollars, alleged to be due from the defendants upon a contract made by them with plaintiff, whereby they agreed to purchase certain shares of stock in a mining corporation, upon terms agreed upon.

There was also a cause of action set up for moneys laid out and expended for the use of defendants.

It was therefore a suit founded upon an alleged joint obligation on the part of the two defendants.

After suit brought, Schofield died, and his administrator was substituted in his place. Chapman made default, but the administrator of Schofield answered, denying each material allegation of the complaint, placing his denials on the ground that he had no information or belief on the subject sufficient to enable him to answer.

At the trial, plaintiff called as a witness the defendant W. S. Chapman, whose default had been duly entered, and offered to prove by him the contract set forth in his complaint. To this evidence the defendant administrator objected, on the ground that the same was incompetent, it appearing that the witness was a party to this action, and therefore incompetent to testify to any fact which occurred prior to the death of Schofield. The objection was sustained, and an exception was taken.

Plaintiff then offered himself as a witness for the same purpose, but a similar exception was interposed and sustained.

Plaintiff having no further evidence by which to prove the alleged contract, which was not in writing, judgment was entered in favor of the administrator of Schofield, and in favor of plaintiff as against Chapman.

The point presented is, whether Chapman was a competent witness, under section 1880 of the Code of Civil Procedure, for the plaintiff, against his co-defendant and joint obligor, as to facts which occurred prior to the death of Schofield.

The precise question was presented in the case of *Blood* v. *Fairbanks,* 50 Cal. 420. In that case, Blood and Hewitt, as partners, had taken sheep from the defendant to keep for the increase, etc., agreeing to share the profits with the owner. Hewitt had sold his interest in the partnership to Blood, who brought suit against the administratrix of the estate of Fairbanks, the owner of the sheep, for an accounting. As Hewitt had no interest in the proceeding, and asserted no claim against the estate,.

although made a party to the suit, it was contended that he was not incompetent, under section 1880 of the Code of Civil Procedure. But this court said: "Section 1880 of the Code of Civil Procedure provides that 'parties to an action or proceeding, or in whose behalf an action or proceeding is prosecuted, against an executor or administrator, upon a claim or demand against the estate of the deceased,' cannot be witnesses. It is said that Hewitt is not a party against an executor, and that he has no claim against the estate. But the statute does not merely exclude parties who have or are supposed to have an interest adverse to the estate of the decedent, but by its terms renders all the nominal parties to the action incompetent."

Appellant does not deny that this case is in point, or that it is against him, but he contends that it has been overruled by subsequent cases. He says it renders all nominal parties to proceedings against an administrator incompetent, while the court in *Sedgwick* v. *Sedgwick*, 52 Cal. 336, held that one against whom an action is prosecuted by an executor or administrator may be a witness. Of course this ruling was based upon the proposition that the action was not against the executor or administrator, and therefore not made an exception to the general rule as to the incompetency of witnesses by the letter of the statute. This case, no less than the former, holds that the very words of the statute must control.

*Chase* v. *Evoy*, 51 Cal. 618, simply holds that the executor may waive the objection, and make a party a witness in his own behalf.

A more recent case, and apparently more in point for appellant, is *Myers* v. *Reinstein*, 67 Cal. 89. The question there was, whether certain property belonged to the estate, as the court said: "The very question to be determined here is, whether the interest sought to be recovered was a part of Reinstein's estate or not." It was an action or proceeding, then, against an executor to recover property which the executor claimed belonged

to the estate. It would indeed seem to be a claim or demand against the estate. But that was the very question upon which the decision was made to turn, and it was held that it was not. Whether right or wrong, therefore, it is not authority here.

In *Knight* v. *Russ*, 77 Cal. 410, an attorney who was to recover for legal services rendered the decedent was permitted to state his occupation, and how long he had been practicing law, what his income from that source was, etc., as a basis upon which to estimate the value of his services. The court said that the statute was evidently intended to prevent parties from testifying to matters tending to establish an asserted claim, and not to prevent their testifying in reference to other matters which may arise incidentally.

It may be said of this case that it is inconsistent with *Blood* v. *Fairbanks*, 50 Cal. 420, which very distinctly holds that the letter of the statute must control; and the statute makes the test as to the competency of the testimony of a party to the action, whether it relates to facts which occurred before the death of the deceased party; and further, that in that particular case, if the proposed evidence did not tend to establish the claim, it was immaterial, and should have been excluded on that ground. In fact, I fail to see any reason in the distinction attempted. If the testimony was not material, it should not have been received. If it was, and tended to establish the claim against the estate, no reason can be given for supposing that the statute was not intended to include it. Apparently, the idea of the writer of that opinion was, that the statute could not be understood as excluding testimony of the parties upon subjects which the deceased could have known nothing of, and which did not refer directly to the transactions from which the cause of action arose.

Whether this be so or not cannot help the appellant here, for the rejected testimony in this case was clearly not incidental in any sense, and tended directly to establish the contract on which the claim is based.

But on another ground the contention of appellant must be overruled. If it be conceded that the court can look beyond the letter of the statute, and determine whether a given case is within the reason of the rule, it does not appear in this case that Chapman had no interest in establishing the claim against the estate. His own default had been entered, upon which judgment subsequently passed against him. He had an interest in having judgment rendered, thereby compelling the estate to contribute to the satisfaction of the claim.

I think the judgment should be affirmed.

HAYNES, C., and FOOTE, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

HARRISON, J., PATERSON, J., GAROUTTE, J.