[L. A. No. 5848. In Bank.—September 15, 1921.]

ANNA KINLEY, Appellant, v. W. T. LARGENT, Administrator, etc., Respondent.

[1] EVIDENCE—DISQUALIFICATION OF WITNESSES—SECTION 1880, SUBDIVISION 3, CODE OF CIVIL PROCEDURE—WAIVER—EXECUTORS AND ADMINISTRATORS.—The provision of section 1880, subdivision 3, of the Code of Civil Procedure, that parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator, upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person, cannot be witnesses, may be waived by the personal representative of the decedent; and in an action by the surviving widow

———

1. Right of personal representative, heir or next of kin of party to waive privileged communication, notes, 10 **Ann. Cas.** 1118; Ann. Cas. 1913A, 100.

of the deceased to recover from his estate a certain amount which she had turned over to him for investment in bonds, where the administrator expressly declined to object to the widow testifying on the grounds of incompetency under said section, the waiver should have been allowed and the witness permitted to testify.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Reversed.

The facts are stated in the opinion of the court.

James M. O'Brien for Appellant.

James B. Barry for Respondent.

LAWLOR, J.—This is an appeal by the plaintiff, Mrs. Anna Kinley, from a judgment which she recovered from the administrator of the estate of James Kinley, deceased. The decedent and appellant were husband and wife.

The action was brought to recover the sum of $3,444, which appellant had turned over to decedent for investment in street bonds. Up to the time of his death he had made no report on the investment. Appellant presented a demand to the administrator for the said sum, which was disallowed upon the ground that under subdivision 3, section 1880 of the Code of Civil Procedure, appellant was incompetent to testify against the estate and that respondent was unwilling to assume the responsibility of waiving the incompetency. This action followed.

Upon the trial, appellant offered herself as a witness, whereupon the following statements by the court and the respective counsel were made: "The Court: Is this such a claim against an estate as bars the claimant from being a witness under section 1880 of the Code of Civil Procedure? Mr. O'Brien: I presume that the claimant would be disqualified as a witness under that section if an objection were made to her testimony. This matter, however, has already been discussed with the administrator and his attorney, and in view of the fact that both the administrator and his attorney are convinced that an injustice would result if such an objection were made, they have decided not to make any objection to the competency of the plaintiff as a witness in her own behalf in support of her claim against the estate. Mr. Barry: I want to say, your Honor,

that Mr. Largent, the administrator of decedent, was a
next-door neighbor of the plaintiff and her husband for a
long time prior to the latter's death. He became intimately
acquainted with them and knew, prior to the death of
Kinley, that moneys had been so advanced to him by his
wife, as now claimed by her. Under those conditions we
feel that to interpose a technical objection to the competency
of the plaintiff to testify as a witness in her own behalf in
this suit would result in an injustice. As we have no desire
to be the cause of an injustice, we do not feel it right
or proper to make such objection. The Court: I am in-
clined to the opinion that the statute cannot be waived by
a failure of the administrator, or his attorney, to make the
objection. I will hear your evidence and make a ruling on
this point later.''

Appellant identified five drafts, aggregating $2,467.10,
which were admitted in evidence, and testified to other ad-
vances aggregating $979.50, but as this latter amount de-
pended on her testimony alone, the evidence was excluded,
the court saying: ''I will allow the plaintiff the aggregate
amount of the several drafts which she has identified. I
cannot consider her testimony as to the other advance-
ments. The rule is a harsh one and even works injustice,
but it is absolutely necessary to protect an estate from in-
justice. I have no doubt in my mind that Mrs. Kinley's
claim is a just one. No objection is necessary. The statute
is provided for just that purpose.''

Appellant's position is thus stated: ''There is only one
point involved on this appeal. If the incompetency pre-
scribed by section 1880 of the Code of Civil Procedure can-
not be waived, the judgment of the lower court must be
affirmed. If it can be waived, it was waived in this case,
and the lower court should be directed to enter judgment
for the entire amount and interest claimed by the plaintiff.
The principle which we urge to be the law may be stated
thus: The statutory incompetency of parties or assignors
of a party to an action or proceeding, or persons in whose
behalf the same is prosecuted, against an executor or ad-
ministrator upon a demand against the estate of a deceased
person to testify as to any fact occurring before the de-
cedent's death is not absolute, but may be waived, and if
waived, the testimony of such person must be considered.''

Section 1880 of the Code of Civil Procedure reads, in part, as follows:

"The following persons cannot be witnesses: . . . 3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person." There is no authority in this jurisdiction directly on the question whether the personal representative of a deceased person may waive the incompetency contemplated in this provision. In other jurisdictions it has been held that the incompetency of a claimant to testify under their respective statutes may be waived, and in Jones on Evidence, volume 4, section 780, it is said, referring to the incompetency of a claimant to testify against an estate of a deceased or incompetent person: "This exception to the statutory rule removing the incompetency of parties was introduced for the benefit of those representing the deceased or incompetent person; and their representatives may, if they choose, waive this privilege. All objection to the competency of a witness as to a transaction with an incompetent or deceased person will be deemed waived, if it is not made at the time that the evidence is given. . . . An administrator and his counsel cannot sit by without objecting to the admission of incompetent evidence, and expect the trial judge to rule it out on his own motion. The objection must be to the competency of the witness, not merely to the competency or relevancy of the evidence." Numerous authorities are cited in support of the text. In general, the statutes of other jurisdictions only disqualify the claimant to testify *against* the estate. (See compilation of statutes in Wigmore on Evidence, sec. 488.) Section 1880, on the other hand, provides that a claimant *cannot be a witness* as to any matter or fact occurring before the death of the deceased person. However, in construing this section it has been held, notwithstanding its broad language, not to mean that the claimant cannot become a witness *under any circumstances.* Thus, in *Chase* v. *Evoy,* 51 Cal. 618, a new trial was ordered because one of the defendants was not allowed to testify on behalf of the estate. The court declared: "The language of the statute is very broad, and if literally construed, might exclude all parties to the action,

whether called to testify for or against the estate. But to give it this construction would defeat the manifest purpose of the act, and we think the language is capable of a different interpretation. Parties to the action, or in whose behalf it is prosecuted, are not allowed to testify against the estate in a suit to establish a demand against it. One of the parties to the transaction out of which the demand originated being no longer *in esse,* it was deemed unwise to permit the other party to it to testify to his version of it, when called by the plaintiff in a proceeding against the estate to establish the demand. The statute, it is true, provides in general terms that 'the parties to an action or proceeding' against the estate shall not testify; but the obvious meaning of this provision is that a party to the action shall not testify against the executor or administrator. . . . But in view of the evil to be remedied, the legislature could hardly have intended to prohibit the executor or administrator from calling a party to the action to testify in behalf of the estate. On the opposite theory, the defendant, representing the estate, would not be permitted to call the plaintiff himself to prove that the demand was fraudulent or had been fully paid. Such a construction of the statute is wholly inadmissible, and would be at variance with its manifest intent.'' In *Roche* v. *Ware,* 71 Cal. 375, [60 Am. Rep. 539, 12 Pac. 284], the claimant was made a witness for the purpose of identifying certain books connected with his claim against the estate. *Colburn* v. *Parrett,* 27 Cal. App. 541, [150 Pac. 786], was a similar case.

It is proper to point out that in some of the cases arising under this subdivision language is used which might indicate that the incompetency was absolute. Thus, in *Rose* v. *Southern Trust Co.,* 178 Cal. 580, [174 Pac. 28], it was remarked that ''Such a witness *must not* testify.'' However, in that case, the opinion shows that the testimony was objected to on the trial of the action, so the question of a waiver was not presented. Moreover, as already shown, there are cases in this jurisdiction where, even against objection, the party was allowed to become a witness for some purposes.

It is clear that subdivision 3 is to be given no broader effect than if it merely provided that a claimant is incompetent to testify *against* the estate. This interpretation gives to the statute the same meaning as that expressed

in those statutes of other jurisdictions wherein it is held, as has been seen, that the personal representatives of the deceased may waive the incompetency. Allowing this waiver will not operate to defeat the object of the statute, for it is always in the power of the administrator or executor by timely objection to bar the witness. [1] It follows that under subdivision 3 of section 1880 the personal representative should be permitted to waive the incompetency. Hence, as the administrator herein expressly declined to object to the witness on the ground of incompetency, the waiver should have been allowed and the witness permitted to testify.

It should be noted that "a judgment rendered against an executor or administrator, upon any claim · for money against the estate of his testator or intestate, *only establishes the claim in the same manner as if it had been allowed by the executor or administrator and a judge, . . .* " (Code Civ. Proc., sec. 1504), and that "all matters, *including allowed claims* not passed upon on the settlement of any former account, or on rendering an exhibit, or on making a decree of ·sale, may be contested by the heirs, for cause shown," on the settlement of an account (Code Civ. Proc., sec. 1636). It thus appears that the judgment in an action such as this against the executor or administrator is not conclusive against the heirs.

Judgment reversed.

Shaw, J., Sloane, J., Shurtleff, J., Lennon, J., Wilbur, J., and Angellotti, C. J., concurred.