[Civ. No. 9345. Second Appellate District, Division Two.—April 16, 1935.]

SUSIE H. STANKEY, Respondent, v. WILLIAM FLEET PALMER, as Administrator, etc., Appellant.

Jones, Stephenson, Palmer & Moore and C. Arden Gingery for Appellant.

Davis & Thorne for Respondent.

CRAIL, J.—This appeal is from a judgment in favor of the plaintiff in an action on a promissory note against the administrator with the will annexed of the estate of her deceased father, the maker of said note, a claim having previously been filed in the estate.

The defendant's first contention is that the court committed prejudicial error in allowing the plaintiff' (respondent) to testify as to matters and facts occurring before the death of the decedent. By reason of section 1880, subdivision 3, of the Code of Civil Procedure, the plaintiff in such an action cannot be a witness as to any matter or fact occurring before the death of such deceased person. We have examined the record and we find that the court recognized the rule and followed it, sustaining objections made thereunder, until the defendant, by cross-examining the plaintiff as to matters and facts occurring before the death of the decedent, waived the incompetency of the plaintiff as a witness.

Such incompetency may be thus waived. (*Deacon* v. *Bryans,* 88 Cal. App. 322 [263 Pac. 317] ; *McClenahan* v. *Keyes,* 188 Cal. 574 [206 Pac. 454] ; *Kinley* v. *Largent,* 187 Cal. 71 [200 Pac. 937] ; *Booth* v. *Friedman,* 82 Cal. App. 174 [255 Pac. 222].) ■ The defendant contends, using the text of 40 Cyc. 2351, that "a party who objects to the competency of a witness introduced on behalf of his adversary does not, where his objection is not sustained, waive the incompetency of the witness by cross-examining him about matters as to which he has testified on direct examination". This rule has no application to the situation before us. The defendant's objections were sustained on direct examination and the defendant cross-examined the witness about matters as to which she had *not* testified on direct examination.

■ Defendant's final contention is that the court erred in admitting secondary evidence as to the contents of a certain written instrument. We believe that there was a sufficient foundation laid for the introduction of such oral testimony. We find no merit in the defendant's contentions.

Judgment affirmed.

Stephens, P. J., and Willis, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1935.