[Civ. No. 10314. First Appellate District, Division Two.—September 24, 1937.]

HAROLD LUCY, Appellant, v. DOROTHY LUCY, as Executrix, etc., Respondent.

William M. Abbott, Cyril Appel, Ivores R. Dains and Henry A. Plattner for Appellant.

Thomas S. Molloy for Respondent.

STURTEVANT, J.—Prior to 1926 George D. Lucy and Ben Lucy were partners doing business under the firm name of G. R. Lucy & Company. In 1926 Ben Lucy died. After his death George D. Lucy carried on the business. On November 16, 1933, George D. Lucy died. Shortly there-

after this defendant, Dorothy Lucy, was appointed executrix of the last will and testament of George D. Lucy, deceased.

In due time, after the appointment and qualification of the defendant as such executrix, the plaintiff presented to her a claim in the sum of $10,141.61 for the balance claimed to be due him for work and labor performed for George D. Lucy. In his claim the plaintiff stated that decedent agreed to pay said sum and that it was the reasonable value of said services. The executrix rejected the claim and thereafter the plaintiff commenced this action. The charging portion of the plaintiff's complaint is as follows: "On the 16th day of November, 1933, George D. Lucy also known as G. D. Lucy was indebted to the plaintiff in the above-entitled action in the sum of ten thousand one hundred forty-one and 61/100 dollars ($10,-141.61) for work and labor performed and services rendered to said George D. Lucy also known as G. D. Lucy, at the special instance and request of said George D. Lucy also known as G. D. Lucy, for which he agreed and promised to pay plaintiff said sum of ten thousand one hundred forty-one and 61/100 dollars ($10,141.61) which is the reasonable value thereof." The defendant did not demur. However, in due time she appeared and answered. In her answer she inserted numerous denials and also pleaded the statute of limitations, but she did not set forth any other defenses. The action was tried before the court sitting without a jury. After the plaintiff rested, the defendant made a motion to strike out testimony. It was denied. She also asked permission to file an amended answer pleading the existence of a partnership after the death of Ben Lucy between George D. Lucy and Emma M. Lucy, the widow of Ben Lucy, and that George D. and Emma M. Lucy transacted business under the name of G. R. Lucy & Company. That motion was denied and thereafter the court ordered judgment in favor of the defendant. From the judgment the plaintiff has appealed.

Before taking up the points made by the plaintiff, we think it is best to dispose of two points presented by the defendant. The first one is that according to her contention the plaintiff's complaint did not state a cause of action. She quotes: "Where an action is based on an express contract, it may be stated as a general rule, that a common count will not support the action, but that the plaintiff must declare specially on the contract." (3 Cal. Jur. 382.) It will be

freely conceded that such is the general rule but it is not without exceptions. One of those exceptions is as follows: "So long as the contract continues *executory,* the plaintiff must declare specially; but when it has been *executed* on his part, and nothing remains but the payment of the price in money by the defendant, which is nothing more than the law would imply against him, the plaintiff may declare generally, using the common counts, or may declare specially on the original contract, at his election." (*Castagnino* v. *Balletta,* 82 Cal. 250, 258 [23 Pac. 127, 128].) In the instant case under the uncontroverted testimony the sole claim of the plaintiff was based on an agreement which he claimed was made between him and George D. Lucy and which, according to his claim, had been wholly executed on his part.

The second point made by the defendant, and which should be noticed at this time, is her claim that plaintiff's services were rendered to G. R. Lucy & Company, a partnership, and did not create a personal obligation on the part of George D. Lucy, deceased. In the first place, whatever merit there might be in that contention, the subject-matter was waived by the defendant. She did not present the point by demurrer nor by answer. It was therefore waived. (Code Civ. Proc., sec. 434; 20 Cal. Jur. 576; *Williams* v. *Southern Pac. R. R. Co.,* 110 Cal. 457, 459 [42 Pac. 974]; *Baker & Hamilton* v. *Lambert,* 5 Cal. App. 708 [91 Pac. 340].) In the second place it was the contention of the plaintiff that George D. Lucy employed him to perform the duties of the former. If such was the fact it is perfectly clear that George D. Lucy and not the partnership was responsible to the plaintiff.

We pass now to the points made by the plaintiff. He was called as a witness in his own behalf. The defendant constantly interposed objections under subdivision 3, section 1880, of the Code of Civil Procedure. Many of her objections were sustained. No one of those rulings is assigned as error. Later he was passed to the defendant for cross-examination. The defendant propounded to him many questions regarding facts occurring during the life of the decedent. No objection was interposed. When the cross-examination was finished the plaintiff's counsel, on redirect examination, propounded questions to the plaintiff regarding facts that occurred during the life of the decedent. To nearly every question the defendant objected under the provisions of said statute. Many of said objections were sus-

tained. ▉ At this time the plaintiff assigns said rulings as prejudicial error and earnestly contends that the cross-examination of the plaintiff waived the privilege mentioned in the statute. (11A Cal. Jur. 908, 909, 910; *Kinley* v. *Largent,* 187 Cal. 71 [200 Pac. 937]; *McClenahan* v. *Keyes,* 188 Cal. 574 [206 Pac. 454]; *Deacon* v. *Bryans,* 88 Cal. App. 322 [263 Pac. 371]; same case 212 Cal. 87 [298 Pac. 30]; *Stankey* v. *Palmer,* 6 Cal. App. (2d) 215 [44 Pac. (2d) 382]; *Cahill* v. *Goecke,* 10 Cal. App. (2d) 279 [51 Pac. (2d) 905]; *Miller* v. *Consolidated Royalty Oil Co.,* 23 Fed. (2d) 317; *Zackheim* v. *Zackheim,* 75 Colo. 161 [225 Pac. 268]; 70 C. J. 373, notes 88 and 89.) The defendant resists the plaintiff's contention on several different grounds. She contends that the plaintiff's complaint did not state a cause of action. We have shown above that it did. She contends that on the direct examination, over her objection, the plaintiff had testified to facts which occurred prior to the death of his father, and that she had the right on cross-examination to elicit similar testimony. She also claims that by reason of the peculiar facts of the case she was entitled to show the relations that existed between the parties to the contract. Continuing, she claims her conduct did not constitute a waiver. (*Estate of Boyes,* 151 Cal. 143 [90 Pac. 454]; *Jameson* v. *Tulley,* 178 Cal. 380 [173 Pac. 577]; 70 C. J. 373, and notes 86 and 87.) An examination of the authorities cited by the respective counsel discloses no real conflict. As to any question propounded during the direct examination of the plaintiff it will be conceded that the defendant had a right to cross-examine. However, she did not have the right in cross-examining to elicit new matter. If she did so as to material matters which occurred before the death of the decedent then she waived the privilege provided in the statute. The question is, did she in the cross-examination develop such new matter? On his direct examination the plaintiff identified the books of account and the various handwritings contained in said books of G. R. Lucy & Company. He also testified as to his employments and occupations prior to 1929 and the compensation received from other employers. He did not give any testimony regarding the receipt by him from the decedent of any moneys nor that decedent supported him at any time after he attained his majority. His testimony regarding the books of account was properly received. (*Roche* v. *Ware,* 71 Cal. 375 [12 Pac. 284, 60 Am. Rep.

539].) Conceding, but not deciding, that his testimony regarding his training was inadmissible (*Moore* v. *Schofield,* 96 Cal. 486, 489 [31 Pac. 532]), manifestly it was not prejudicial. The cross-examination proceeded as follows: "During the years from October 29, 1929, until the death of my father, I resided at 1201 Fulton street, which was the house of my father. He supported me and gave me room and board free. He did not buy my clothes. At one time he made me a present of a suit. That is the only present he made me during that period that I have any recollection of. He made me a Christmas present of some mining stock. Between October 29, 1929, and the death of my father he made me a money present. It was $500. I do not recall when that was. I do not recall that he made me a present at Christmas of 1929. In most cases it was customary for him to make a present to me and my sister in equal amounts at Christmas time. I do not recall that on Christmas 1929 he made me a present of $1000. He did not give me a Christmas present in 1930. I don't recall whether he did in 1931. He gave me $500. I don't recall the date." It is quite clear the subject-matter of the cross-examination just quoted was all new matter. It is also clear it made a *prima facie* defense for the defendant. (Civ. Code, sec. 210.) On redirect examination the plaintiff's counsel asked several questions, the defendant objected, claiming the witness was precluded under the provisions of subdivision 3 of section 1880 of the Code of Civil Procedure. Some of the objections were overruled and some were sustained. "Q. What were the circumstances under which you went to live in your father's home from October 29, 1929, until the date of his death? (Objection made and overruled.) A. My father told me he wished me to stay home and to help him to manage the business G. R. Lucy & Company, because he wanted to keep it running on account of the fact that it could be sold as a going concern in the event that the Western Pacific or other railroads wished to buy it, and he also agreed to pay me. Q. What did he agree to pay you? A. He agreed to pay me $250— Mr. Molloy: I move to strike that out. The Court: The motion to strike out relative to the fixing of compensation, let that be stricken out." Some of those questions to which objections were sustained were: "Q. What were the circumstances under which you say you went into your father's employ on October 29, 1929? Mr. Lucy, as a part of the conversa-

tion pertaining to your living at your father's home, what, if anything, was said in respect to the compensation he would pay you if you went down to manage the business? After that conversation with your father, on or about October 29, 1929, did you enter the employ of your father?'' Under all of these circumstances the defendant waived the privilege contained in the statute. (Code Civ. Proc., sec. 1880, subd. 3.) We need go no further than cite *Deacon* v. *Bryans,* 88 Cal. App. 322, 328–330 [263 Pac. 371]. It follows that the trial court erred in sustaining defendant's objections to said questions asked on redirect examination and in granting the defendant's said motion to strike out. The nature of plaintiff's complaint we have stated above. As stated above, the defendant's defense rested on the provisions of section 210 of the Civil Code. The result of the rulings was to establish the defense and negative the claim of the plaintiff. It is clear, therefore, that said rulings were prejudicial.

■ The plaintiff asserts he alleged he had not been paid. The answer did not deny the allegation, but the trial court made a finding that he had been paid. Continuing, he claims the court erred in making said finding. His claim is clearly supported by the authorities. As the action must go back for a new trial, it is proper to state that matters not put in issue by the pleadings should not be found upon.

■ The last point made by the plaintiff is that this court should order judgment in his favor. Owing to the condition of the record we think this is not a proper case in which this court should make that order. As we have shown the evidence as to the agreed value of the services of the plaintiff was erroneously stricken out. If it had not been stricken out the defendant might have cross-examined on the subject and shown facts in her favor. By reason of the disputed questions that arose the defendant did not present any defense. Again, if she had done so the amount of the plaintiff's claim might have been materially reduced.

The judgment is reversed.

Spence, Acting P. J., and Ogden, J., *pro tem.,* concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 22, 1937.