[Civ. No. 16208. Second Dist., Div. Two. June 3, 1948.]

GREGORY A. DOBSON, Appellant, v. DOROTHY DOBSON, Respondent.

John O. Akin for Appellant.

No appearance for Respondent.

McCOMB, J.—From a decree denying plaintiff's application for an annulment of his marriage he appeals.

The undisputed facts are these:

Plaintiff and defendant participated in a ceremony of marriage in Las Vegas, Nevada, on Sunday, March 16, 1947, while plaintiff was under the influence of intoxicating liquor and so inebriated that he did not understand or know the nature of the ceremony or its legal effect. On Tuesday, March 18, 1947, while still suffering from the effects of intoxication, defendant advised plaintiff of the marriage, and on Wednesday, March 19, 1947, having fully recovered from his inebriation, he left defendant and has not since cohabited with her.

Plaintiff's testimony was corroborated by Richard T. Scott. There was no other evidence presented to the trial court. Upon this state of the record, the trial court denied the annulment stating in effect that he did not believe the plaintiff's testimony.*

This is the sole question presented for our determination:

*Was the trial judge correct in rejecting the uncontradicted, unambiguous, unimpeached, plain and probable testimony of plaintiff and his corroborating witness?*

This question must be answered in the negative and is governed by this rule: Testimony which is not inherently improbable and is not impeached or contradicted by other evidence must be accepted as true by the trier of fact. (*Shepard* v. *Shepard*, 65 Cal.App. 310, 313 et seq. [223 P. 1012]. See also *Gomez* v. *Cecena*, 15 Cal.2d 363, 366 [101 P.2d 477].)

Applying the foregoing rule to the facts of the instant case, it is apparent that the trial judge was in error in arbitrarily refusing to accept the testimony of plaintiff as true. Such testimony was uncontradicted, unambiguous, unimpeached and plain. The testimony was also *not inherently improbable.* It is a matter of common knowledge that occa-

---

*The trial judge stated:

"I am satisfied that there isn't any minister in the City of Las Vegas or anywhere else that is ordained, that will marry a drunken person that is drunk to that extent."

sionally parties submit to a marriage ceremony when one of the persons is under the influence of an intoxicating beverage to the extent that such person is of unsound mind and does not know what is taking place, thus being unable to enter into a contract. (*McNee* v. *McNee,* 49 Nev. 90 [237 P. 534]. See also cases cited in 28 A.L.R. (1924) p. 648.) In such case the intoxicated participant is entitled to have the marriage annulled. (*Dunphy* v. *Dunphy,* 161 Cal. 380 [119 P. 512, Ann. Cas. 1913B 1230, 38 L.R.A.N.S. 818].)

In view of the evidence it was the duty of the trial court to find that plaintiff at the time of the purported marriage ceremony was so inebriated that he did not know what he was doing and to award him an annulment of the purported marriage.

For the foregoing reasons, the judgment is reversed and the trial court is directed to enter a decree in accordance with the prayer of plaintiff's complaint.

Moore, P. J., and Wilson, J., concurred.