[Crim. No. 4285.   Second Dist., Div. Two.   Feb. 9, 1949.]

THE PEOPLE, Respondent, v. MARY WASHINGTON
TOLIVER, Appellant.

Curtis C. Taylor for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

§

WILSON, J.—Defendant was charged with the crime of manslaughter, the killing without malice of one Cuba McCaskill. Trial by jury was waived. The court found the defendant guilty as charged, denied her motion for a new trial and sentenced her to imprisonment in the California Institution for Women.

This appeal is from the judgment of conviction and from the order denying a new trial upon the grounds that the judgment is contrary to law and not supported by the evidence.

The record discloses that defendant and McCaskill were residents of the same hotel. On the day of the killing, defendant left her room to return some money which she had borrowed from another resident of the hotel whose room was opposite that occupied by McCaskill and Velma Jane Humphrey. The door of the latter room was open and defendant saw that McCaskill had Velma Jane on the bed choking her. Defendant stopped in the doorway and said, "If I was you I would not do that." McCaskill released Velma Jane and approached defendant, telling her he would cut her throat. He reached for a knife which was on a bedside table in the room but defendant pushed him, got the knife and backed out of the door. McCaskill without further comment started down the hall and when about 18 steps from defendant, who was still standing in the doorway, threw a bottle at her, missing defendant but hitting another woman. He then walked on down the hall and defendant followed him, still carrying the knife. McCaskill and defendant turned a corner in the hall after which their actions were not seen by anyone until some minutes later when they were observed in the front hall of the hotel, near the stairs, holding one another. McCaskill had blood on his shirt and defendant had the knife which she had taken from his room. A third person spoke to defendant and she and McCaskill released each other, defendant going toward her room and McCaskill going to a friend's room where he asked to be taken to a doctor. McCaskill stated he was dying and that defendant had cut him. McCaskill was taken to a hospital where he died from hemorrhage due to a stab wound.

In support of her contention that the evidence is insufficient to support the judgment defendant argues that there was no direct evidence offered to disprove her testimony that she had been attacked by McCaskill who attempted to take the knife from her and in the struggle over its possession he was fatally injured; that to establish defendant's guilt beyond a reasonable doubt there must be circumstances or statements

of fact which would lead to a reasonable inference of such guilt in the absence of any direct testimony. Defendant further contends that this case comes within the rules enunciated in *People* v. *Estrada*, 60 Cal.App. 477 [213 P. 67], in which the judgment of manslaughter was reversed upon the ground that all the evidence tended to show a justification for the killing and that there was no conflicting evidence. In that case there was no evidence that the defendant was armed or that he acted other than in necessary self-defense. The court said that if defendant's own statement was not conclusive, his swollen and bruised body and the production of the club used by the decedent furnished sufficient evidence that the defendant was the victim of an attack by the decedent and was acting in self-defense. In addition, there was no evidence which in any manner tended to contradict or dispute defendant's version of the affair.

In the instant case the defendant was armed with a knife and although the decedent had threatened her and thrown a bottle at her, he had left the room without further comment. Defendant retained the knife and followed him down the hall and the fatal struggle occurred beyond the rooms of both the decedent and defendant. Defendant testified that when she went down the hall in the same direction as McCaskill had gone she was going to the room of her friend (which was beyond that of defendant) and that when she reached the landing McCaskill grabbed her and said he was going to take the knife and cut her throat; that she struggled with him to try to keep him from getting the knife but that she did not intend to kill him and did not know she had cut him. She could not explain why, when she was questioned by the officers on the day of the killing, she had stated: ''I came on out and started around to my room with the knife,'' other than to say ''it is a mistake because I didn't start to my room; I was going to the front room.'' When she was asked by the court why she still had the knife in her hand when she started down the hall she first said: ''I don't know'' and upon further questioning by the court as to why she had not put the knife back her answers were evasive.

From these circumstances the trier of facts could have drawn and undoubtedly did draw the inference that defendant followed the decedent down the hall and accosted him, stabbing him fatally in the struggle which ensued. There is nothing in the evidence, other than defendant's testimony, to support her contention that the decedent was the aggressor

and that she acted in self-defense. ■ While testimony which is not inherently improbable and is not impeached or contradicted by other evidence must be accepted as true by the trier of facts (*Dobson* v. *Dobson*, 86 Cal.App.2d 13, 14 [193 P.2d 794]; *Gomez* v. *Cecena*, 15 Cal.2d 363, 366 [101 P.2d 477]) the court may disregard the testimony of the defendant when other circumstances warrant it and the uncontradicted statement of the defendant made in her own defense need not always be accepted as proof of the facts leading up to the commission of a crime. (*People* v. *Benning*, 84 Cal.App. 168, 172 [257 P. 903]; *People* v. *McDonnell*, 32 Cal.App. 694, 699 [163 P. 1046]; *People* v. *Borrego*, 211 Cal. 759, 765 [297 P. 17].)

■ The right to draw inferences from the evidence submitted is the function of the trial court and this court may substitute its findings only when the evidence unmistakably leads to an inference of innocence. (*People* v. *Patello*, 125 Cal.App. 480, 484 [13 P.2d 1068]; *People* v. *Pruitt*, 55 Cal. App.2d 272, 275 [130 P.2d 767].)

Judgment and order denying new trial affirmed.

Moore, P. J., and McComb, J., concurred.