[Civ. No. 18076. Second Dist., Div. Two. Feb. 15, 1951.]

EDWINA WARREN, Appellant, v. HANNAH NAIR, Individually and as Executrix, etc., Respondent.

A. W. Brunton for Appellant.

Abe Richman for Respondent.

MOORE, P. J.—This appeal is from a judgment adverse to plaintiff declaring that defendant Hannah Nair is under no duty to construct a room, herein called the "penthouse," on the roof of a certain property leased by defendant's testator from appellant, or to complete the construction of an additional parking area at the rear of such property.

Under date of July 23, 1948, appellant and defendant's husband, now deceased, executed a lease whereby decedent agreed as part of the consideration for the lease to make certain alterations designed to complete the conversion of the property into a business structure with a parking lot at the rear. Appellant was to furnish $8,000 for such renovation and the lessee was to repay this sum in monthly installments of $100 each. Lessee was also to pay the total rental for a 20-year term in monthly installments of $400 for the first 10 years and $450 for the second 10 years. Respondent executed a written guaranty as to the obligations assumed by the lessee. Prior to the execution of the agreement, plans for the alterations had been prepared and, although reference was made to them in the lease, they were not attached to or incorporated therein. Mr. Nair (lessee) commenced the contemplated alterations and same were in progress at the date

of his death, October 18, 1948. Mrs. Nair, having thereafter qualified as his executrix, completed the construction with the exception of the matters in dispute herein.

Reversal of the judgment is demanded on two grounds: namely, (1) the court's rejection of appellant's offer to testify relative to certain matters; (2) the evidence does not support the findings.

■ It was not error to strike from the record the testimony of appellant concerning sketches of the proposed alterations or her testimony describing the penthouse and the condition of the parking area as they appeared at the time of the trial. Such sketches and the testimony of conversations with decedent were stricken pursuant to respondent's objection that it was improper under the "dead man's statute," Code of Civil Procedure, section 1880.3, which provides that a party to a proceeding upon a claim against the estate of a deceased person is barred from testifying "as to any matter or fact occurring before the death of such deceased person."

The ruling was correct insofar as it was directed to the bulk of appellant's testimony. ■ A claimant against an estate "cannot testify at all 'as to any matter or fact occurring before the death' of the decedent whether incidental, preliminary, or otherwise." (*Deacon* v. *Bryans,* 88 Cal.App. 322, 329 [263 P. 371].) The only exception made to the statutory rule has been to permit a plaintiff to identify books kept by the deceased during the latter's lifetime. See *Stuart* v. *Lord,* 138 Cal. 672, 677-8 [72 P. 142].) ■ It cannot be denied that the testimony in regard to the sketches sought to do more than to identify them. By the excluded inquiries the witness was questioned in regard to certain statements that appeared on the sketches as to discussions of the alterations with the decedent and as to whether these statements were on the face of the drawings at the time of the discussions. Certainly, the aim of such testimony was to establish the claim sued upon. ■ It was for the purpose of preventing frauds upon the heirs of a decedent that the "dead man's statute" was enacted. (*Knight* v. *Russ,* 77 Cal. 410, 413 [19 P. 698].)

■ Also, the testimony concerning the penthouse and parking lot appears to be more than a report of the condition of the property as it existed at the date of the lease. There is no showing in the record that the construction referred to did not take place during the decedent's lifetime.

■ Assuming that appellant was competent to testify concerning these matters it is not shown that she has been

prejudiced by their exclusion since available disinterested witnesses apparently could have supplied the same information.

Appellant contends that respondent by cross-examining her on matters occurring before Mr. Nair's death waived any benefits under the provisions of the statute. While a waiver may result from such method of cross-examination (*Stankey* v. *Palmer,* 6 Cal.App.2d 215, 216 [44 P.2d 382]; *Davis* v. *Mitchell,* 108 Cal.App. 43, 46 [290 P. 887]; *Deacon* v. *Bryans, supra,* p. 329) yet in the case at bar it does not appear that respondent carried her interrogations to such extent as to "open the door" to an unrestricted cross-examination. A review of the record discloses that respondent's attorney was painstakingly careful to avoid inquiring of the witness on any matter occurring prior to Mr. Nair's death, as indicated by the prefatory phrases preceding his questions such as "after Mr. Nair's death" or "from October 18, 1948."

Reversal is demanded also upon the grounds (1) that the evidence fails to support the judgment as entered; (2) that the evidence compels a finding that she was entitled to have the construction completed as agreed. Appellant rested her expectations upon the testimony of one Lloyd Hampton who was employed by Mr. Nair to make the alterations and of one Diane Hampton who drew the plans introduced in evidence by appellant. It is urged that this testimony has not been controverted, is not inherently improbable, has not been impeached and therefore must be accepted by the court as true. (*Dobson* v. *Dobson,* 86 Cal.App.2d 13, 14 [193 P.2d 794].) However, it was developed from these witnesses that both had filed claims against the decedent's estate and that both had been rejected. Thus in view of this evidence of possible bias on their part it was not mandatory for the court to accept their testimony.

The evidence was also substantial that Mr. Nair had never had possession of the plans introduced. A building inspector of the city of Los Angeles testified that no plans were filed in connection with the procuring of a permit to make the alterations agreed upon although ordinances required the filing of such plans with the building department where second story construction is involved. He also testified that no penthouse was contemplated for the roof, to his knowledge, and he had personally inspected the alteration work on the premises. Furthermore, both the contractor who completed the alterations and Mrs. Nair testified that no such

plans had ever been seen before they appeared in court. Also Mr. Freed who assisted the respondent in effecting the alterations testified that he had never before seen such plans. The testimony of these witnesses alone is ample to support the findings. It follows that in view of this substantial proof, the appellate court is powerless to substitute another evaluation of the evidence for that of the trial court. (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427, 429 [45 P.2d 183].)

Judgment affirmed.

McComb, J., and Wilson, J., concurred.